**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDREW N. YAO,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **CRIMINAL ACTION NO. 07-301** |
| **v.** | : | |
| | : | **CIVIL ACTION NO. 10-3145** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent.** | : | |

**Tucker, J.**                                                                    **October ___, 2011**

**MEMORANDUM AND ORDER**

Presently before the Court is Petitioner, Andrew N. Yao's, Motion to Vacate, Set Aside,

or Correct Sentence By a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. Respondent,

the United States of America, has filed a Motion to Dismiss Petitioner's Section 2255 Petition

For Failure to State A Claim Upon Which Relief Can Be Granted Due to Untimeliness of Claim

Under the AEDPA. For the reasons set forth below, the Court will grant Respondent's Motion.

**I.      FACTUAL BACKGROUND**

On June 4, 2008, Petitioner, Andrew N. Yao ("Yao") pled guilty to seven counts of

making a false statement to a financial institution in violation of 18 U.S.C. § 1341; one count of

wire fraud in violation of 18 U.S.C. § 1343; and one count of engaging in an illegal monetary

transaction in violation of 18 U.S.C. § 1957. (Doc. 54.) On February 5, 2009, Yao was sentenced

before this Court to sixty (60) months of imprisonment; five (5) years supervised release; a

special assessment in the amount of $1,000; and restitution in the amount of $12,530,325.02.

(Doc. Entry 78.) Judgment of sentencing was entered by the Court on March 16, 2009. (Doc. 81.)

-1-

Yao is currently serving this sentence in the United States Penitentiary in Lewisburg.

On February 5, 2010, Petitioner's counsel, Neil E. Jokelson ("Jokelson"), filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 84.) On March 3, 2010, pursuant to Local Rule of Federal Civil Procedure 9.3(b), this Court entered an Order requiring the Clerk of Court to furnish Yao with the Court's current standard form for filing a § 2255 petition. (Doc. 86.) On June 8, 2010, pursuant to Local Rule 9.3(b) an Order was entered which dismissed Yao's Motion to Vacate, Set Aside, or Correct Sentence without prejudice because Yao failed to submit the correct forms. (Doc. 88.) Twenty days later, on June 28, 2010, Petitioner's counsel filed a Motion to Vacate, Set Aside, or Correct Sentence on the correct forms.  (Doc. 89.) An order directing Respondent, the United States of America (" the Government"), to respond to Petitioner's motion was entered on August 25, 2010. (Doc. 90.)

On October 25, 2010, the Government filed a Motion to Dismiss the Petition Due to Untimeliness. (Doc. 91.) The Government argues that because the correct habeas form was not filed until June 28, 2010, Petitioner's motion should be dismissed as time-barred. (Doc. 91.) In response, Petitioner argues that habeas petitions that fix technical deficiencies after the one-year period are considered filed on the date of the original defective petition, and therefore, the June 28, 2010 filing should be treated as if it was filed on February 5, 2010. (Doc. 94.) In the alternative, if the June 28, 2010 filing is not treated as if it was filed on February 5, 2010, Petitioner argues that the Court should apply equitable tolling and treat the June 28, 2010 filing as timely. (Doc. 94.)

Petitioner also argues that he was reasonably diligent in pursuing his habeas claim because he never received notice of dismissal of the original motion, and he attempted to contact

his attorney several times about the petition between January and June 2010, but was not sure if

his attempts had gone through because of a problem with Lewisburg Prison's e-mail and mail

delivery systems. (Doc. 94, Ex. C.)  Petitioner's counsel, Jokelson, does not recall being aware of

the Court's March 3, 2010 Order to file a proper habeas petition, although he does not deny that

his office did receive a timely copy of the Order. (Doc. 94.) Counsel has "no adequate

explanation" for failing to follow the Court's Order until June 28, 2010. (Doc. 94.)

## II.    DISCUSSION

The parties raise two essential issues that are dispositive of the Government's Motion to

Dismiss: 1) whether the statute of limitations for filing § 2255 claims is tolled by the filing of a

petition later dismissed; and 2) if not, whether Yao is entitled to a tolling of the statute of

limitations for filing § 2255 claims on other grounds.

Section 2255 of Title 28 of the United States Code applies a one-year statute of

limitations to motions challenging federal custody:

> The limitation period shall run from the latest of – 1) the date on which the judgment of
> conviction becomes final; 2) the date on which the impediment to making a motion
> created by governmental action in violation of the Constitution or laws of the United
> States is removed, if the movant was prevented from making a motion by such
> governmental action; 3) the date on which the right asserted was initially recognized by
> the Supreme Court, if that right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review; or 4) the date on which the
> facts supporting the claim or claims presented could have been discovered through the
> exercise of due diligence.

 28 U.S.C.A. § 2255(f). In the present case, paragraph (1) is the applicable provision to determine

the appropriate statute of limitations. Thus, the Court must first determine at what point Yao's

conviction became final.

Judgment against Yao was entered on March 16, 2009. (Doc. 81.) The Federal Rules of

Appellate Procedure indicate that in a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen (14) days after . . . the entry of either the judgment or the order being appealed." FED. R. APP. P. 4. Yao chose not to appeal his sentence, and therefore, his conviction became final upon the expiration of the time period in which he was required to file a notice of appeal, or 14 days after March 16, 2009. Thus, Yao's conviction became final on March 30, 2009, and the statute of limitations for his habeas petition began to run on that day. Therefore, Yao was required to file his habeas petition on or before March 30, 2010.

### A.    Relation Back

In response to Respondent's Motion to Dismiss, Petitioner argues that the correct habeas filing on June 28, 2010 should relate back to the original habeas filing from February 5, 2010. To the contrary, however, the statute of limitations for filing § 2255 claims is not tolled by the filing of a petition which is dismissed without prejudice. Comment 1 to Local Rule 9.3 specifically states that "the statute of limitations is not tolled by the filing of a petition later dismissed." Local R. Civ. P. 9.3 cmt. 1; see also Hull v. Kyler, 190 F.3d 88, 103 (3d Cir. 1999) ("Typically, when a complaint (or habeas petition) is dismissed without prejudice, that complaint or petition is treated as if it never existed."); United States v. Swinton, No. 99-4093, 2000 WL 1886606, at *2 (E.D. Pa. Dec. 7, 2000) (explaining that the dismissal of a habeas petition without prejudice does not toll the statute of limitations). Thus, because Petitioner's timely February 5, 2010 petition was dismissed without prejudice for failure to follow Local Rule 9.3(b), it must be treated as if it never existed, and the June 28, 2010 filing does not relate back to the February 5, 2010 filing.

### B.    Equitable Tolling

Because the Court must ignore the original filing, and the June 28, 2010 filing clearly

-4-

falls outside of the March 30, 2010 deadline for filing Petitioner's habeas petition, in order for Petitioner to succeed, there must be grounds for the Court to grant equitable tolling of the statute of limitations. See Holland v. Florida, 130 S. Ct. 2549 (2010) (holding that the one-year limitations period for filing habeas petitions is subject to equitable tolling); Miller v. N.J. State Dept. Of Corrections, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (holding that the § 2255 one-year limitations period may be equitably tolled). A petitioner will be entitled to equitable tolling if he has 1) "in some extraordinary way . . . been prevented from asserting" his rights and 2) he "exercised reasonable diligence in investigating and bringing [the] claims." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations and quotations omitted).

A "garden variety claim of excusable neglect" by a petitioner's attorney is not an extraordinary circumstance warranting equitable tolling. Holland, 130 S. Ct. at 2564 (2011) (citations omitted).  One common example of an extraordinary circumstance within the Third Circuit is attorney abandonment. See Nara v. Frank, 264 F.3d 310 (3d Cir. 2001), overruled on other grounds by Carey v. Saffold, 536 U.S. 214 (2002). But see Johnson v. Hendricks, 314 F.3d 159, 160 (3d Cir. 2002) (an attorney's mistake in determining the petition's due date did not constitute extraordinary circumstances); Smith v. Gillis, No. 03-6186, 2004 WL 573957, at *3 (E.D. Pa. Mar. 4, 2004) (holding that an attorney's failure to timely notify petitioner of the state court's decision affirming the dismissal of his petition was not an extraordinary circumstance). Although some types of attorney neglect may qualify as an "extraordinary circumstance," such neglect should typically qualify as "egregious." Holland, 130 S.Ct. at 2563 ("[A]t least sometimes, professional misconduct . . . could . . . amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling."); see also id. (explaining a case in

which attorney neglect <u>could</u> amount to extraordinary circumstances because the evidence documented the client's repeated requests for his lawyer to file a habeas petition, informing his lawyer of the appropriate statute of limitations rule, and reminding his lawyer of the importance of a timely filing; yet the lawyer still failed to file a timely petition).

Petitioner has failed to demonstrate any extraordinary circumstances that prevented him from filing his habeas petition on time. This is not a case of attorney abandonment, but merely "garden variety neglect." Yao's attorney, Jokelson, does not deny that he received a timely copy of the Court's March 3, 2010 Order, and has "no adequate explanation" for his failure to respond to the Court's Order with the appropriate forms. (Doc. 94.) At the time the Order was entered, Mr. Jokelson still had twenty-seven (27) days in which to timely file a habeas petition on behalf of Yao. Mr. Jokelson's failure to respond, without any explanation, cannot qualify as an "extraordinary circumstance" warranting equitable tolling. The Court also takes note of Mr. Jokelson's explanation that Yao never received a copy of the Court's March 3, 2010 Order. However, an attorney's failure to notify his client of developments in his case is mere negligence at best, and does not qualify as egregious.

Petitioner also argues that his attorney's neglect rises to an extraordinary level, similar to the attorney neglect in <u>Holland v. Florida</u>, because Petitioner attempted to contact his counsel several times between January and June 2010 with no response. (Doc. 94.) However, although Petitioner, through his counsel, has filed several Reply briefs regarding Respondent's Motion to Dismiss, the only evidence that he has produced of Petitioner's efforts to communicate with his counsel was an e-mail dated November 4, 2010, several months after the statute of limitations on Petitioner's habeas claim had expired. A single e-mail sent after Respondent filed a motion to

dismiss does not indicate an egregious level of attorney neglect which would rise to the level of extraordinary circumstances.

Because Petitioner has failed to demonstrate extraordinary circumstances, the Court need not address whether Petitioner exercised reasonable diligence in pursuing his habeas claim.

**III.**   **CONCLUSION**

For the reasons set forth above, Petitioner's Petition for Habeas Relief is dismissed as untimely.